# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| KEITH NORMANDIN, Individually and on Behalf of All Others Similarly Situated, | Case No.: 16-cv-86 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| EGS FINANCIAL CARE, INC. and NCO FINANCIAL SYSTEMS, INC., | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Keith Normandin is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a personal credit card.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that in that he engaged in a consumer transaction.

6. Defendant EGS Financial Care, Inc. ("EGS") is a debt collection agency with its principal place of business located at 5085 W Park Blvd Ste 300, Plano, TX 75093.

7. EGS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. EGS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. EGS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

9. Defendant NCO Financial Systems, Inc. ("NCO") is a debt collection agency with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044.

10. NCO is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

11. NCO is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. NCO is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

12. On or about December 24, 2015, EGS and/or NCO mailed a debt collection letter to Plaintiff regarding an alleged debt owed to "Synchrony Bank" A copy of this letter is attached to this Complaint as Exhibit A.

13. Upon information and belief, Exhibit A was the first letter that EGS and/or NCO sent to Plaintiff regarding this alleged debt.

14. The alleged debt identified in Exhibit A is an alleged credit card used for personal, family or household purposes.

15. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

2

16. The top of Exhibit A states both: "EGS FINANCIAL CARE, INC.", and NCO's address in "HORSHAM, PA."

17. The top of Exhibit A also displays a second address, "4740 Baxter Rd # 103, Virginia Beach, VA 23462," that is also one of NCO's offices. http://tinyurl.com/z7mgsz8.

18. Exhibit A also lists, at the bottom of the letter in the signature block area, "NCO Financial Services, Inc."

19. Exhibit A also contains the notices pursuant to 15 U.S.C. §§ 1692g(a)(3)-(5):

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office, in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

20. Exhibit A is confusing to the unsophisticated consumer.

21. Exhibit A repeatedly refers to notifying "*this office* within 30 days after receiving this notice" regarding the verification of the debt. (emphasis added). It is unclear what "this office" refers to. Both EGS Financial Care, Inc. and NCO Financial System Inc. are represented on the letter as being the debt collector.

22. The recipient of EGS/NCO's form debt collection letters would be confused as to whom to contact to verify the debt.

23. The letter Defendants sent to Plaintiff (Exhibit A) also includes the text:

> THIS COLLECTION AGENCY IS LICENSED BY THE DIVISION OF BANKING IN THE WISCONSIN DEPARTMENT OF FINANCIAL INSTITUTIONS, WWW.WDFI.ORG.
>
> NCO Financial Systems, Inc., 507 Prudential Road, Horsham, PA 19044, 877-278-5297

3

24. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

25. NCO does not, in fact, hold a Wisconsin Collection Agency License.

26. NCO is not licensed by the Division of Banking.

27. NCO was not licensed by the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

28. NCO is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (last visited January 21, 2016).

29. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.")

## COUNT I – FDCPA

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. Exhibit A instructs the Plaintiff and the class to contact "this office" to obtain verification of the debt. However, two different debt collection agencies are listed on the letter.

4

32. The unsophisticated consumer would be confused as to whom to contact to obtain verification of the debt.

33. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

35. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

36. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692f.

## COUNT II – FDCPA

38. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

39. Exhibit A falsely states that: "This collection agency is licensed by the Division of Banking" for the State of Wisconsin. NCO is not a licensed collection agency in Wisconsin.

40. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

41. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

42. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or

approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

43. Defendants violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9) by falsely informing consumers that NCO was licensed by the State of Wisconsin's Division of Banking.

## COUNT III – WCA

44. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

45. The alleged underlying transactions, i.e. the alleged use of a personal credit card, were consumer credit transactions or consumer transactions with an agreement to defer payment. The use of a credit card, by definition, involves a consumer transaction to purchase goods or services and an agreement to defer payment until the credit card payment is due.

46. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

47. By using a letter which falsely represented NCO's licensing status in Exhibit A, Defendants used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

48. Defendants violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

49. Plaintiff brings this action on behalf of two classes.

50. Class One consists of (a) all natural persons in the State of Wisconsin, (b) who were sent an initial collection letter (c) which identifies EGS and NCO as the debt collector, (c)

seeking to collect a debt for personal, family or household purposes, (d) on or after January 21, 2015, (e) that was not returned by the postal service.

51. Class Two consists of: (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by EGS and/or NCO, (c) stating that NCO is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family or household purposes, (e) on or after January 21, 2015, (f) that was not returned by the postal service.

52. The Classes are so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

53. There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

54. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

55. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

56. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

57. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Classes and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: January 21, 2016

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com